UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------X
KRASNYI OKTYABR, INC., (A/K/A RED
OCTOBER)

        Plaintiff,

   -against-

ROYAL SWEET BAKERY, INC., MIKHAIL
YUSUM, AND "JOHN DOE" DEFENDANTS
1-10, being the remaining
principals, officers, directors
and stockholders of the corporate
defendant

        Defendants.

---------------------------------X

ORDER ADOPTING REPORT
AND RECOMMENDATION

Civil Action No.
CV-05-3021(DGT)

Trager, J:

    Defendants request permission to move pursuant to Fed. R. Civ. P. 60(b)(1) or (6) to set aside the default judgment that was entered in this case on June 2, 2006.[1] The Federal Rules provide that a court may relieve a party of a final judgment for excusable neglect, but only if the motion is made within one year after the judgment was entered. Fed. R. Civ. P. 60(b)(1). Defendants did not request leave to move to set aside the default judgment until more than one year after it was filed. For that reason alone, their request under Rule 60(b)(1) is denied.

    Even under Rule 60(b)(6), the request is still denied.

---

[1] Defendant's letter refers to an entry of default that was made on March 10, 2006. This was followed by a default judgment on June 2, 2006 that referred the issue of damages to Magistrate Judge Ramon Reyes for a report and recommendation.

"When a district court decides a motion to vacate a default judgment pursuant to the provisions of Rule 60(b), the court's determination must be guided by three principal factors: (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." New York v. Green, 420 F.3d 99, 108 (2d Cir. 2005) (internal quotations and citations omitted).

 Defendants contend that, due to a language barrier, they did not have actual knowledge of this action until July 7, 2007, when they received a letter from plaintiff's counsel to Magistrate Judge Ramon Reyes dated June 25, 2007. Defendants acknowledge that Mikhail Yusim, their Chief Executive Officer, was served with a copy of the complaint and default judgment, but argue that he did not know what it was and that he simply handed the papers to his secretary who placed them in a file. Defendants complain that the pleadings and correspondence that they did receive in this case were sent to defendants' warehouse, at 227 58th Street, Brooklyn, and not to their corporate office, at 256 59th Street, Brooklyn. Defendants further argue that their default could not have been willful, because they hired a local attorney to monitor whether plaintiff had filed any action against them. However, the attorney only searched the Brooklyn courts and never checked

with the federal court.

Plaintiff points out that the address at which Mr. Yusim was served - 227 58th Street, Brooklyn - is the address listed on Royal Sweet Bakery's corporate filings for service of process. Plaintiff further notes the incongruity in defendants' assertion that they took the threat of suit seriously enough to hire an attorney to look for lawsuits filed against them, but never thought to provide the attorney with the complaint, default judgment, or other documents they had been served.

Defendants further argue that their default cannot have been willful, because they agreed to cooperate and dispose of the alleged infringing goods after receiving a cease and desist letter from plaintiff on November 18, 2004.  However, defendants' alleged prompt action in response to the cease and desist letter lies in stark contrast to their willful disregard of the complaint in this case.  It simply strains credulity that the same defendants who understood a cease and desist letter sufficiently to alter their business practices would file away and ignore a complaint with which they were served, allegedly because they did not understand what the papers were.  Because defendants were properly served at the address listed with the Secretary of State of New York for service of process, and because they willfully ignored the complaint - even though they had previously understood and responded to a cease and desist

3

letter - their default was willful.

Defendants next argue that they have a meritorious defense to the complaint, noting their reaction to the cease and desist letter and the defenses raised in a related action, <u>Krasnyi Oktyabr, Inc. v. Trilini Imports</u>, No. 05-cv-5359, 2007 WL 1017620, on a motion to dismiss.  These do not amount to meritorious defenses.  "In order to make a sufficient showing of a meritorious defense the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense."  <u>Green</u>, 420 F.3d at 109 (internal quotation marks and ellipses omitted).  First, defendants' agreement to sell off inventory of goods and to refrain from selling any more of the allegedly infringing goods in the United States can be construed most favorably to defendants as an attempt at settlement, and, less favorably, as an admission of guilt.  It cannot, however, be viewed as raising a defense to the allegation of infringement.  Second, the defenses raised by the defendants in <u>Trilini Imports</u> in their motion to dismiss were rejected.  It is unclear how arguments directed to plaintiff's standing that were rejected in another case could be deemed meritorious here.  In sum, defendants have not presented a meritorious defense.

The final factor in considering a Rule 60(b) motion is "whether and to what extent vacating the default judgment will

prejudice the non-defaulting party." Green, 420 F.3d at 110. Defendants posit that plaintiff would not be prejudiced if the case were reopened, because the Trilini case is still pending, with summary judgment briefing scheduled to be completed in December 2007. Plaintiff responds that it would still have to take discovery from defendants and that the passage of time may already have resulted in the destruction of evidence. Plaintiff's concerns are sufficient to amount to prejudice.

Lastly, defendants note that the report and recommendation on damages has not yet been adopted, and they request an opportunity to challenge the recommended award of damages. They do not, however, offer any basis for such a challenge. Having reviewed the report and recommendation, as clarified by order dated June 25, 2007, I find the recommended damages amount reasonable, and hereby adopt the report and recommendation.

## Conclusion

Defendants have not shown that their default was not willful, that they have a meritorious defense, or that plaintiff would not be prejudiced by setting aside the default judgment. Accordingly, defendants' request to move to set aside the default and reopen the case is denied. In addition, the report and recommendation by Magistrate Judge Reyes concerning damages is adopted.

Dated: Brooklyn, New York
      September 25, 2007

SO ORDERED:

\_\_\_/s/_____
David G. Trager
United States District Judge